# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 23-3442 PA (BFMx) | Date | August 17, 2023 |
|---|---|---|---|
| Title | Yuri Doering v. Juvenal Perez, et al. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**         IN CHAMBERS - COURT ORDER

Plaintiff Yuri Doering ("Plaintiff") filed his Complaint on May 5, 2023, asserting four state law claims and one federal claim against defendant Juvenal Perez ("Defendant"). (Docket No. 1.) The Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims, so Plaintiff's only remaining claim in this action is for violation of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. (Docket Nos. 10, 12–13.) On August 8, 2023, the Court issued an Order requiring Plaintiff to show cause in writing, on or before August 15, 2023, why this action should not be dismissed for lack of prosecution and failure to serve Defendant in compliance with Federal Rule of Civil Procedure 4(m) ("Order to Show Cause"). (Docket No. 14.) The Order to Show Cause warned that "[f]ailure to respond to this Order may result in the imposition of sanctions, including but not limited to dismissal of the complaint." (Id.) To date, Plaintiff has neither responded to the Court's Order to Show Cause, nor filed proof of service of the Summons and Complaint on Defendant.

Under Federal Rule of Civil Procedure 4(m), service of process on a defendant is due within 90 days of the filing of the complaint. Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Here, more than 90 days have passed since Plaintiff filed his Complaint, yet Plaintiff still has not filed proof of service of the Summons and Complaint on Defendant. Additionally, Plaintiff has failed to respond to the Order to Show Cause, and, therefore, has failed to establish

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3442 PA (BFMx) | Date | August 17, 2023 |
|---|---|---|---|
| Title | Yuri Doering v. Juvenal Perez, et al. | | |

"good cause" for an extension of time to serve Defendant. Accordingly, this action is dismissed under Rule 4(m) without prejudice as a result of Plaintiff's failure to timely serve Defendant or establish good cause for that failure.

Grounds also exist to dismiss this action for failure to diligently prosecute and comply with a Court Order. Federal Rule of Civil Procedure 41(b) provides that a defendant may move for dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) provides for dismissal on the motion of the defendant, the Court can also dismiss an action sua sponte pursuant to Rule 41(b). See Link v. Wabash R.R., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962); see also Alexander v. Pac. Maritime Ass'n, 434 F.2d 281, 283–84 (9th Cir. 1970). The permissive language of Rule 41 – that defendant "may" move for dismissal – does not limit the Court's ability to dismiss sua sponte if the defendant makes no motion for dismissal. Link, 370 U.S. at 630, 82 S. Ct. at 1388–89. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Rule 41(b) with prejudice for failure to prosecute or for failure to comply with a court order. See id. at 629–30, 82 S. Ct. at 1388–89 (dismissal for failure to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (same); Yourish v. Cal. Amplifier, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal for failure to comply with court order).

In Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986), the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 1423. Cases involving sua sponte dismissal merit special focus on considerations relating to the fifth Henderson factor. Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). Dismissal is appropriate "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." Id. (citing Ferdik, 963 F.2d at 1263).

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation, will be satisfied by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors dismissal)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id.

The third Henderson factor at least marginally favors dismissal. Defendant may be further prejudiced unless the Complaint is dismissed. See Yourish, 191 F.3d at 991; Pagtalunan, 291 F.3d at 642 (holding that failing to timely amend risks prejudice and can justify dismissal).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3442 PA (BFMx) | Date | August 17, 2023 |
|---|---|---|---|
| Title | Yuri Doering v. Juvenal Perez, et al. | | |

In considering the fourth and fifth <u>Henderson</u> factors, this Court's August 8, 2023 Order to Show Cause warned that "[f]ailure to respond to this Order may result in the imposition of sanctions, including but not limited to dismissal of the complaint."  (Docket No. 14.)  Despite this warning, Plaintiff failed to respond to the Order to Show Cause or file proof of service of the Summons and Complaint on Defendant.  Additionally, the Court intends to dismiss this action without prejudice.  Accordingly, the fifth <u>Henderson</u> factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

Accordingly, as a result of Plaintiff's failure to diligently prosecute and comply with a Court Order, this action is dismissed without prejudice.  <u>See</u> Fed. R. Civ. P. 41(b); <u>see also</u> <u>Yourish</u>, 191 F.3d at 986–88; <u>Ferdik</u>, 963 F.2d at 1260.  The Court will issue a Judgment consistent with this Order.

IT IS SO ORDERED.